Arusi R. Loprinzi, OSB No. 033815
Email: *aloprinzi@k-hlaw.com*
111 SW Fifth Avenue, Suite 1775
Portland, OR 97204
Phone: 503.796.0909
Fax: 503.802.4757
Attorneys for Defendants LVNV Funding, LLC and
Resurgent Capital Services, L.P.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| ADAM FOXWORTHY,<br><br>    Plaintiff,<br><br> vs.<br><br>LVNV FUNDING, LLC, a foreign limited liability company, and RESURGENT CAPITAL SERVICES, L.P., a foreign limited partnership,<br><br>    Defendants. | Case No. 3:11-CV-291-MO<br><br>**DEFENDANTS LVNV FUNDING, LLC AND RESURGENT CAPITAL SERVICES, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent") (collectively "Defendants") hereby answer Plaintiff Adam Foxworthy's ("Plaintiff") Complaint ("Complaint") as follows:

1.

Answering Paragraph 1 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

2.

Answering Paragraph 2 of the Complaint, LVNV admits that it is a Delaware limited liability company.  LVNV denies that it collects consumer debts.

3.

Answering Paragraph 3 of the Complaint, Resurgent admits that it is a Delaware limited partnership.  Further, Resurgent admits that Plaintiff's account was placed with Resurgent.

4.

Answering Paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

5.

Answering Paragraph 5 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

6.

Answering Paragraph 6 of the Complaint, Resurgent admits that it corresponded with Plaintiff regarding his account.

7.

Answering Paragraph 7 of the Complaint, Resurgent admits that it corresponded with Plaintiff regarding his account.

8.

Answering Paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

9.

Answering Paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

10.

Answering Paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these

allegations.

## FIRST CLAIM FOR RELIEF

FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq.*

11.

Answering Paragraph 11 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs.

12.

Answering Paragraph 12 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

13.

Answering Paragraph 13 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

14.

Answering Paragraph 14 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.

15.

Answering Paragraph 15 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Defendants violated the Fair Debt Collection Practices Act.

16.

Answering Paragraph 16 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff suffered any harm as a result of Defendants' alleged conduct.

17.

Answering Paragraph 17 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to damages as a result of Defendants' alleged conduct.

18.

Answering Paragraph 18 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Plaintiff is entitled to attorney fees.

## SECOND CLAIM FOR RELIEF

INVASION OF PRIVACY

19.

Answering Paragraph 19 of the Complaint, Defendants incorporate by reference their responses to the preceding paragraphs.

20.

Answering Paragraph 20 of the Complaint, Defendants deny any express or implied allegation of wrongdoing.

21.

Answering Paragraph 21 of the Complaint, this Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to damages as a result of Defendants' alleged conduct.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

22.

Plaintiff fails to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

23.

Plaintiff's claims are barred by the equitable doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

24.

Plaintiff's claims are barred by the doctrine of laches.

LVN001-0001

DEFENDANTS LVNV FUNDING, LLC AND RESURGENT CAPITAL SERVICES, L.P.'S ANSWER

## FOURTH AFFIRMATIVE DEFENSE

### (Mistake)

25.

Any alleged acts or omissions of Defendants giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Defendants. Defendants acted in a reasonable manner in connection with the transactions at issue in this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

26.

Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

27.

Plaintiff has waived any and all claims, rights and demands made in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff)

28.

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Others)

29.

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

## NINTH AFFIRMATIVE DEFENSE

(Intervening Acts)

30.

The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

## TENTH AFFIRMATIVE DEFENSE

(Contribution)

31.

Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

(Several Liability)

32.

Should Plaintiff prevail against Defendants, Defendants' liability is several and limited to their own actionable segment of fault, if any.

## TWELFTH AFFIRMATIVE DEFENSE

(No Duty to Plaintiff)

33.

Defendants owed no duty to Plaintiff to control the alleged conduct of third persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Causation)

34.

The Complaint fails to show that any alleged acts or omissions of Defendants caused the injuries or damages claimed by Plaintiff.

LVN001-0001
DEFENDANTS LVNV FUNDING, LLC AND RESURGENT CAPITAL SERVICES, L.P.'S ANSWER

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

35.

The injuries or damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Malice)

36.

Defendants specifically deny acting with any willfulness, oppression, fraud or malice towards Plaintiff or others.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Justification)

37.

The acts and omissions alleged in the Complaint were justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

38.

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

39.

Plaintiff's claims are barred by all applicable statutes of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

(Offset)

40.

Defendants are entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Plaintiff's recovery, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

(Arbitration)

41.

Defendants reserve the right to compel arbitration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Uncertainty)

42.

Plaintiff's claims against Defendants are uncertain, ambiguous and unintelligible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Consent)

43.

Plaintiff acquiesced in and/or consented to the acts or omissions alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Protection of Economic Interest)

44.

Defendants at all times acted in good faith and in accordance with reasonable commercial standards to protect Defendants' economic interest, thus precluding any recovery by Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Choice of Law)

45.

Defendants expressly reserve any defenses that may be available to them under any applicable laws of other jurisdictions, in accordance with federal choice of law rules.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure of Conditions Precedent)

46.

Conditions precedent, which may have given rise to a duty to act or liability on the part of Defendants, did not arise.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Preemption)

47.

Plaintiff's state and common law claims are preempted, and thus barred, by the Fair Debt Collection Practices Act.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Justifiable Reliance)

48.

Plaintiff did not justifiably rely on any purported false or misleading statements.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Notice of Reliance on Additional Defenses)

49.

Defendants may have additional, as yet unstated, affirmative defenses available.  Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;

2. That the Complaint be dismissed with prejudice;

3. For its costs of suit herein;

4. For attorneys fees according to proof; and

5. For such other and further relief as this Court may deem just and proper.

DATED:  March 16, 2011.

KIVEL & HOWARD LLP


By: /s/ Arusi R. Loprinzi
      Arusi R. Loprinzi, OSB No. 033815
      Email: *aloprinzi@k-hlaw.com*
       Attorneys for Defendants
       LVNV Funding, LLC and
       Resurgent Capital Services, L.P.

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS LVNV FUNDING, LLC AND RESURGENT CAPITAL SERVICES, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the following person(s):

Justin M. Baxter, Esq.
Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Fax: 503-291-9172

By the following indicated method:

☒ by **mailing** full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorney(s) at the address set forth above and deposited with the United States Postal Service on the date set forth below.

☐ by **electronically mailing** full, true and correct copies to the attorney(s) set forth above on the date set forth below.

☒ by electronic delivery of full, true and correct copies through the court's **EM/ECF** system to the attorney(s) set forth above on the date set forth below.

☐ by causing full, true and correct copies thereof to be **hand delivered** to the attorney(s) at the address set forth above on the date set forth below.

☐ by **facsimile** transmission of full, true and correct copies on the date set forth below.

DATED:  March 16, 2011.

KIVEL & HOWARD LLP

By: /s/ Arusi R. Loprinzi
Arusi R. Loprinzi, OSB No. 033815
aloprinzi@k-hlaw.com
111 SW Fifth Avenue, Suite 1775
Portland, OR 97204
Phone:  503.796.0909
Fax:  503.802.4757
Attorney for Attorneys for Defendants
LVNV Funding, LLC and Resurgent Capital
Services, L.P.